UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-01801-SSC                     Date: April 16, 2026

Title      Yohaul Nepantla Tonatiuh Chiquete Lopez v. Ferreti Semaia et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

|            Teagan Snyder            |            n/a            |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:
None Present                                        None Present

**Proceedings:   (IN CHAMBERS) Order Denying Petitioner's Motion for a Temporary Restraining Order (ECF 6)**

On April 13, 2026, Petitioner Yohaul Nepantla Tonatiuh Chiquete Lopez filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241, seeking release from immigration detention or, in the alternative, a bond hearing.  (ECF 1.)  Two days later, today, Petitioner filed a motion for a temporary restraining order (TRO).  (ECF 6.)

The same day the petition was filed, the Clerk issued a notice of General Order 26-05, which sets the governing briefing schedule in this case and requires that during the pendency of these proceedings, "Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California."  (ECF 5 at 2.)  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-01801-SSC                    Date: April 16, 2026

Title      Yohaul Nepantla Tonatiuh Chiquete Lopez v. Ferreti Semaia et al.

briefing schedule requires Respondents to file an answer to the petition no later than seven days from issuance of the notice.  (*Id.*)

The Court denies Petitioner's motion for a TRO because the briefing schedule on Petitioner's underlying habeas petition has been expedited such that Petitioner cannot show irreparable harm warranting a TRO during the pendency of his habeas proceedings.  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (the underlying purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing.")  Accordingly, Petitioner's motion for a TRO (ECF 6) is DENIED.

**IT IS SO ORDERED.**

                                                                :
                                          Initials of Preparer      **ts**