UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHAUL NEPANTLA TONATIUH CHIQUETE LOPEZ,<br><br>              Petitioner,<br><br>     v.<br><br>FERRETI SEMAIA, et al.,<br><br>              Respondents. | Case No. 5:26-cv-01801-SSC<br><br>MEMORANDUM AND ORDER |

On April 13, 2026, Petitioner Yohual Nepantla Tonatiuh Chiquete Lopez filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California.  (*Id.* at 5.)

The petition alleges the following facts.  Petitioner has lived in the United States since approximately 2010, and his last entry into the country was in or around 2011.  (*Id.* at 6.)  Petitioner was previously detained by immigration authorities in or around 2013 and was released on bond on March 31, 2014.  (*Id.*)  Petitioner was re-detained on January 14, 2026, at a routine check-in "without any new violation,

---

[1] Petitioner is a citizen of Mexico.  (ECF 1 at 2.)

noncompliance, or materially changed circumstance." (*Id.* at 7–8.) The petition seeks release or, in the alternative, a bond hearing. (*Id.* at 23.)

In the two-paragraph answer, Respondents included the following: "Respondents are not presenting an opposition argument at this time."[2] (ECF 10 at 2.)

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **April 29, 2026**, he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

DATED: April 21, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). In our adversarial system, the judge does not act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

2